SEYMOUR DUDLEY CO. v. ARBOR REALTY CO.

(Supreme Court, Appellate Term. June 24, 1910.)

CORPORATIONS (§ 406*)—SPECIAL AGENT—LIABILITY OF PRINCIPAL.

A special agent appointed by a corporation to sell stock, and not held out as a general agent, could not bind the corporation by a contract for printing.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1611–1614; Dec. Dig. § 406.*]

Appeal from Municipal Court, Borough of Manhattan, First District.·

Action by the Seymour Dudley Company against the Arbor Realty Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Reno R. Billington, for appellant.
Abraham Beck, for respondent.

BIJUR, J. This action was brought for the cost of printing certain pamphlets which plaintiff claims were ordered for and delivered to

the defendant. Plaintiff's testimony, however, is to the effect that the orders were given by an individual, and not in the name of the company, and that, while the pamphlets were sent to the company's office and addressed to it, the receipt is signed by this individual. Defendant proves that this agent was merely a special agent appointed under a contract to sell stock of the company. Plaintiff admits that he knew that this agent was not an official of the company.

Under these circumstances, as there is no pretense that the agent was actually authorized by the company to contract for the work done, and as the company did not hold him out as its general agent in any respect, there is no reason for holding the defendant. The only connection shown is a conversation between an official of the plaintiff corporation and an official of the defendant corporation referring to the nonpayment of the bill for this work. Plaintiff's witness, however, gives two versions of the language employed by the company's officer, and either of them is consistent with the notion that the printing of this pamphlet was entirely an affair of the agent individually.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.